IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SANDRA CRENSHAW, § | |
|           Plaintiff, § | |
| § | |
| v. § | CIVIL NO. 3:17-CV-2979-G-BK |
| § | |
| MIKE DOERINGSFELD, et al., § | |
|           Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge for judicial screening. On October 27, 2017, Plaintiff filed a *pro se* complaint and *Motion for a Temporary Restraining Order and Preliminary Injunction on Civil Rights Complaint under 1983* ("Motion for TRO"). Doc. 3; Doc. 4. In her Complaint, Plaintiff's alleges, *inter alia*, harassment and intimidation by the Dallas Police Department and City councilmen. Doc. 3 at 1.

In her Motion for TRO, Plaintiff states that she notified Defendants of her intention to file a federal lawsuit against them and to seek a temporary restraining order. Doc. 4 at 2. Specifically, Plaintiff "certifies . . . that on October 26, 2017, [she] provided defendants' counsel with notice by telephone and e-mail to the Mayor and Members of the Council, Officer Z Lizette Riveria, Liaison for the Police to City Manager, Mike Doeringer, Chief of Bldg Security of its intention to seek a temporary restraining order in this matter." Doc. 4 at 2, 4. Plaintiff also states that she "is simultaneously, with the filing of this Complaint, providing defendants' counsel with copies of the complaint, this motion, the proposed orders" and that "Defendants have refused to stipulate to a temporary restraining order." Doc. 4 at 2.

Federal Rule of Civil Procedure 65 provides that "the Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

FED. R. CIV. P. 65(b)(1).

Without actual proof of the same, the Court finds Plaintiff's mere averments that she provided notice to Defendants of her intent to seek a temporary restraining order via telephone and email deficient for the purpose of Rule 65(b)(1). Notably, Plaintiff does not identify Defendant's counsel to whom she allegedly provided notice by name or title, or state whether she provided to counsel file-stamped copies of her complaint and motion for TRO. *See Corrigan Dispatch Co. v. Casa Guzman, S. A.*, 569 F.2d 300, 302 (5th Cir. 1978) ("The sufficiency of written and actual notice is a matter for the trial court's discretion.") (citing *Plaquemines Parish School Board v. United States*, 415 F.2d 817 (5th Cir. 1969). Moreover, Plaintiff has failed to provide specific facts in an affidavit or a verified complaint that clearly show that immediate and irreparable injury, loss, or damage to Plaintiff will result if Defendants are permitted the opportunity to be heard.

Thus, Plaintiff having failed to comply with all the legal requirements of Rule 65(b)(1), her motion for a temporary restraining order should be **DENIED**.

**SIGNED** October 30, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE